Kevin Mahoney (SBN: 235367)
kmahoney@mahoney-law.net
Katherine Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
Kate Nicole G. Blanco (SBN: 331344)
kblanco@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550/ Facsimile: (562) 590-8400

Ira Spiro (SBN: 67641)
ira@spirolawcorp.com
**IRA SPIRO, ATTORNEY AT LAW**
10573 W Pico Boulevard, #865
Los Angeles, CA 90064
Telephone: (310) 235-2350

Attorneys for Plaintiff GREGORY BENDAU, as an individual and on behalf of all others similarly situated.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDAU<br><br>                Plaintiff,<br><br>     v.<br><br>SEQUOIA ONE PEO, LLC;<br>CEREBRAL MEDICAL GROUP, A<br>PROFESSIONAL CORPORATION;<br>CEREBRAL MEDICAL GROUP,<br>PA fka SOUTH LEMON PROVIDER<br>GROUP, PA; and DOES 1 through<br>10, inclusive,<br><br>                Defendants. | Case No.:<br><br>[Assigned for All Purposes to The<br>Honorable _____;<br>Dept. _____ ]<br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND**<br><br>Complaint Filed:<br>Trial Date:<br><br>**REQUEST FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff GREGORY BENDAU ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## NATURE OF THE CASE

1.      This is a putative class action brought on behalf of Plaintiff and all similarly-situated current, former and future employees who were subjected to one or more of the violations alleged herein ("Plaintiff Class") by Defendants CEREBRAL MEDICAL GROUP, A PROFESSIONAL CORPORATION; CEREBRAL MEDICAL GROUP, PA fictitiously known as ("fka") SOUTH LEMON PROVIDER GROUP, PA; SEQUOIA ONE PEO, LLC (collectively referred to as "Defendants"). The term "Relevant Time Period" or "Time Period" is defined as the time beginning four (4) years prior to the filling of this Complaint.

2.      Plaintiff, individually and on behalf of the Plaintiff Class, seeks relief against Defendants for the following causes of action:

(1)     Violation of Cal. Labor Code §§ 510, 1182.12, 1194, 1197 for Defendants' failure to pay wages for all hours worked;

(2)     Violation of Cal. Labor Code § 227.3 for Defendants' failure to pay accrued and unused vacation time to separated employees);

(3)     Violation of Cal. Labor Code §§ 226, 1174 for Defendants' failure to keep accurate payroll records and provide accurate itemized wage statements;

(4)     Violation of Cal. Labor Code §§ 201-203 for Defendants' failure to pay wages due at separation of employment);

(5)     Violation of Cal. Labor Code § 2802 for Defendants' failure to indemnify for business expenditures; and

(6)     Penalties under Cal. Labor Code §§ 2698-2699.5 for violations of Cal. Labor Code §§ 201-203, 226, 227.3, 510, 1174, 1194, 1197, and 2802.

(7)     Violation of Bus. & Prof. Code §§ 17200 et seq. for Defendants'

violation of the Unfair Competition Law.

3.    At all relevant times herein, Defendants have consistently maintained and enforced the following unlawful policies and practices against Plaintiff and the Plaintiff Class:

      a.    Failing to pay all minimum wages for all hours worked, including contractual, minimum, and overtime wages;

      b.    Failing to pay any accrued and unused vacation time to separated employees;

      c.    Failing to keep accurate payroll records and furnish accurate itemized wage statements;

      d.    Willfully failing to pay all wages due at time of separation;

      e.    Failing to indemnify for expenditures or losses in discharge of duties; and

      f.    Engaging in unfair business practices.

## THE PARTIES

**The Plaintiff**

4.    Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles. Plaintiff was employed by Defendants from on or about March 16, 2021 to on or about May 28, 2021, as an Associate Therapist.

**The Defendants**

5.    Plaintiff is informed and believes, and based thereon alleges, that Cerebral Medical Group PA fka South Lemon Provider Group PA ("South Lemon"), is a Florida corporation that provides "expert help for [] emotional health," including "help for anxiety, depression, insomnia and ADHD." (*See* Cerebral Home Page, *available at* https://getcerebral.com.) Upon information and belief, South Lemon provides an online platform in which it delivers services such as online prescriber visits, care counseling and prescription deliver. (*Id.*) Also upon information and belief, South Lemon employs licensed therapists and care

CLASS ACTION COMPLAINT

counselors who provide counseling and/or therapy to clients. (*See* Cerebral FAQs, Our Care Counselors, *available at* https://getcerebral.com/faqs.) South Lemon's principal office is located at 1314 E. Las Olas Blvd., Unit #1618, Fort Lauderdale, FL, 33301. (State of Florida, Division of Corporations ("FL DOC"), Document No. P20000085579.) Plaintiff is informed and believes, and based thereon alleges, that South Lemon is and was the employer of Plaintiff and similarly situated employees during the Relevant Time Period.

6.     Plaintiff is informed and believes, and based thereon alleges, that Sequoia One PEO, LLC ("Sequoia") is a California limited liability company, and is a full-service Professional Employer Organization that provides human resources outsourcing services, including payroll, benefits, and labor and employment compliance, to organizations including South Lemon. Sequoia's principal office is located at 22 4th Street, 14th Floor, San Francisco, CA 94103. (State of California, Secretary of State Statement of Information ("CA SOI") File No. 201403410137.) Sequoia's name and other information have appeared on Plaintiff's paystubs, and termination letter, and Sequoia's Employee Handbook.

7.     Cerebral Medical Group, A Professional Corporation ("Cerebral APC") is a California corporation that is in the medical business, and has the same officers and directors as South Lemon. (CA SOI File No. C4270488; FL DC F19000005419.)

8.     South Lemon, Sequoia and Cerebral APC (collectively referred herein as "Defendants") are the joint employers of Plaintiff and the similarly situated employees during the Relevant Time Period under the California Labor Code ("Labor Code") and relevant case law. *See, e.g., Martinez v. Combs*, 49 Cal.4th 35 (2010); Cal. Lab. Code § 2810.3. Except to the extent alleged above, Plaintiff is ignorant of the capacities, relationships and full extent of participation in the conduct herein alleged of Cerebral APC but on information and belief alleges that said Defendants are legally responsible for the violations alleged herein.

CLASS ACTION COMPLAINT

9.      Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 10, inclusive, but on information and belief alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

10.     Plaintiff is informed and believes that each of the Defendants acted in all respects pertinent to the allegations in this notice as the agent of the other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each of the Defendants are legally attributable to the other Defendants. Furthermore, Defendants operate as a joint venture and/or single business enterprise, integrated enterprise and/or are agents of one another, are alter egos, joint Defendants and conspire with one another to increase profits by engaging in the conduct described in this notice.

11.     Plaintiff is informed and believes that each of the Defendants acted in all respects as the agent, servant, partner, joint venture, alter-ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and in performing the actions mentioned below was acting, at least in part, within the course and scope of that authority as such agent, proxy, servant, partner, joint venture, employee, alter-ego, managing agent, and/or principal with the permission and consent of the co-Defendants. Plaintiff also alleges the acts of each of the Defendants are legally attributable to the other Defendants.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a), Class Action Fairness Act ("CAFA") because Plaintiff and at least one of the Defendants are citizens of different States. Defendant South Lemon is a citizen of Florida where it has been incorporated, whereas Plaintiff and Defendants Sequoia and Cerebral APC are citizens of California.

CLASS ACTION COMPLAINT

13.    This Court has personal jurisdiction over Defendants because they have significant minimum contacts with this Sate, and intentionally availed themselves of the laws of California by transacting a substantial amount of business throughout the State and this District, including hiring employees domiciled in the State, as well as promote market, advertise, and provide services to clients throughout California. In addition, Defendants Sequoia and Cerebral APC are California corporations and citizens of California.

14.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) as a substantial part of the events or omissions giving rise to the claims alleged in this action occurred in the Northern District, and all Defendants are residents of the Northern District as they are all subject to the Court's personal jurisdiction as alleged in paragraph 13, *supra*. Venue is further proper in this Court under 28 U.S.C. §1391(d) as to Defendants South Lemon and Cerebral APC as they have sufficient contacts with this district to subject them to personal jurisdiction.

## PAGA ADMINISTRATIVE PREREQUISITE

15.    Plaintiff also brings this case as a representative action seeking penalties for the State of California in a representative capacity, as provided for under the Private Attorney Generals Act ("PAGA"), Labor Code section 2698 *et seq*., as an aggrieved employee who was employed by Defendants and did not receive all wages for all hours worked, was not paid accrued and unused vacation time upon termination of employment, was not provided accurate itemized wage statements, did not receive all wages owed upon termination of employment, and was not reimbursed for necessary business expenditures.

16.    Pursuant to the Private Attorney Generals Act ("PAGA"), prior to filing this complaint, on October 5, 2021, Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and by certified mail to Defendants of the specified provisions of the Labor Code alleged to have been violated, including the facts and theories that support the alleged violation as

CLASS ACTION COMPLAINT

required by Labor Code section 2699.3. (LWDA Case No. LWDA-CM-847325-21.). A true and correct copy of Plaintiff's notice dated October 5, 2021, is attached hereto as **Exhibit A**.

17.    Under Labor Code section 2699.3, subdivision (a), a plaintiff may bring a cause of action under PAGA only after giving the Labor Workforce Development Agency ("LWDA") and the employer notice of the Labor Code sections alleged to have been violated, and after receiving notice from the LWDA of its intention not to investigate, or after sixty-five (65) days have passed without notice from the LWDA. More than 65 days have passed since Plaintiff gave his October 5, 2021, written notice to the LWDA and Defendants, and the LWDA has not provided notice to Plaintiff of its intent to investigate such alleged violations. Further, Plaintiff has not received a notice of Defendants' intent to cure any of the alleged violations. Therefore, Plaintiff has satisfied the administrative prerequisites for filing this action and will seek penalties for the PAGA violations pursuant to Labor Code section 2699, *et seq*. on behalf of himself and all similarly situated employees who have been

## GENERAL ALLEGATIONS

18.    Plaintiff worked for Defendants in California from approximately March 16, 2021, to May 28, 2021, as an Associate Therapist, providing therapeutic services on behalf of Defendants for Defendants' customers who sign up for Defendants' therapeutic services via its online platform at www.getcerebral.com ("Clients").

19.    Plaintiff seeks to represent a Plaintiff Class consisting of current, former and future therapists, care counselors, and current, former and future employees in similar positions who were and will be subjected to similar terms and conditions of employment, who worked or will work for Defendants in the State of California during the Relevant Time Period.

20.    Defendants failed to pay Plaintiff, and Plaintiff is informed and believe

CLASS ACTION COMPLAINT

Defendants also failed to pay the Plaintiff Class, for all hours worked at the legally mandated wage rates. Specifically, Defendants failed to pay Plaintiff and the Plaintiff Class the legally mandated minimum, regular, overtime, and double time rates for all work performed in violation of California Labor Code Section 510, and Industrial Welfare Commission ("IWC") Wage Order 4-2001. California Wage Orders require California Defendants to pay employees no less than minimum wage for all hours worked. *See e.g.*, IWC Wage Order No. 4-2001, section 4(B). The phrase "hours worked" is defined as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Id*, section 2(K).

21.    Defendants' clients who received and continue to receive counseling and/or therapy from Plaintiff and the Plaintiff Class were allowed to schedule their appointments no less than three (3) hours in advance of the appointment. As part of the job duties of Plaintiff and the Plaintiff Class, they were required and engaged by the Defendants to wait for appointments to be scheduled, which required them to stay at their computers and continually refresh the computer screen in order to determine if a client has scheduled an appointment. During these periods, Plaintiff and the Plaintiff Class were unable to leave their office at home or located elsewhere, and remained subject to Defendants' control because they had to make themselves immediately available to provide counseling and/or therapy for a client who schedules an appointment within a minimum of three (3) hours. Nevertheless, Plaintiff and the Plaintiff Class were not permitted to report as compensable time the hours they were required and engaged to wait for appointments to be scheduled, and thus were not paid for all hours worked.

22.    Plaintiff and the Plaintiff Class regularly worked between five (5) to six (6) hours per day waiting for appointments to be scheduled, but Defendants only compensated Plaintiff and the Plaintiff Class for hours in which they actually provided counseling and/or therapy to clients, or performed other administrative

CLASS ACTION COMPLAINT

duties and compensated them only at their regular pay rate even when they worked more than 8 hours in a day or 40 hours in a week.

23.    Defendants failed to compensate Plaintiff and the Plaintiff Class at all for the time in which they were engaged to wait for counseling and/or therapy appointments to be scheduled. To the extent that Plaintiff and the Plaintiff Class worked beyond eight (8) hours per day or forty (40) hours per week but were not permitted to report the time in which they waited for a client to schedule an appointment and other work duties, Defendants also failed to pay Plaintiff and the Plaintiff Class at the legally-mandated overtime wage rate.

24.    Further, Defendants failed to pay Plaintiff and the Plaintiff Class accrued and unused vacation pay at the time of separation from employment in violation of Labor Code section 227.3. Defendants promulgated a "time away from work" policy that allowed Plaintiff and the Plaintiff Class to take time away from work as needed, including for vacations, and continue to receive their regular pay during that period. Nevertheless, Plaintiff's paystubs do not show any "accrued" vacation time, nor was he paid for any vacation time accrued at the time of his termination. Plaintiff is informed and believes, and based thereon alleges that the same is true for the Plaintiff Class. Plaintiff did not utilize any of his vacation time prior to termination.

25.    Defendants' vacation policy was a written policy providing for paid vacations. As Plaintiff and the Plaintiff Class who are similarly situated provided services to Defendants during the time of their employ, their vacation pay was vested. (*See Minnick v. Automotive Creations, Inc*. (2017) 13 Cal.App.5th 1000, 1007 [citing *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal.3d 774]). At no point, either in Defendants' written policies or verbally, were Plaintiff and the Plaintiff Class informed that Defendants' vacation policy was "unlimited" or "uncapped," nor were they informed that the vacation time was not additional wages attributable to the services they rendered. (*See McPherson v. EF Intercultural Foundation, Inc.*

CLASS ACTION COMPLAINT

(2000) 47 Cal.App.5th 243, 262-268.) The vacation policy in reality is a subterfuge to avoid the Defendants' obligation to pay all accrued and unused vacation upon separation of employment.

26.    As a result of Defendants' failure to pay all wages owed as described in paragraphs 20-25, *supra*, Defendants violated Labor Code sections 226(a) and 1174, and applicable IWC Wage Orders for failing to keep accurate payroll records and failed to provide Plaintiff and the Plaintiff Class with complete and accurate wage statements showing the true number of hours worked, accurate minimum, regular and overtime wages earned per pay period, and vacation time accrued.

27.    As a further result of Defendants' failure to pay all wages owed as described in paragraphs 20-25, *supra*, Defendants violated Labor Code section 203 by failing to pay all wages earned to former employees at or around the time of their separation from employment.

28.    Additionally, Plaintiff and the Plaintiff Class were paid for necessary business expenditures incurred in direct consequence of the discharge of their duties, and Defendants failed to compensate them for the expenses in violation of Labor Code section 2802. Specifically, Plaintiff and the Plaintiff Class worked remotely, and provided counseling and/or therapeutic services through Defendants' online platform. Plaintiff and the Plaintiff Class also were required by Defendants to communicate with their supervisors and peers via telephone, online video calls, or by using an online messaging platform. Thus, they were required to pay for their own cellphone and internet services, all without reimbursement from Defendants.

## **CLASS ALLEGATIONS**

29.    This action is brought and may properly proceed as a class action, pursuant to Federal Rule of Civil Procedure 23 and other law.

30.    Plaintiff seeks certification of a Classes pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, defined as follows:

///

**PROVIDER CLASS:** All persons who are currently, or were formerly, or will be employed by Defendants in the State of California as Therapists, Care Counselors, or in similar positions, within the four (4) years of the filing of the original Complaint until the date of judgment.

**VACATION CLASS:** All persons who are currently, or were formerly, or will be full-time employees of Defendants in the State of California, within the four (4) years of the filing of the original Complaint until the date of judgment.

31.    This action has been brought, and may be maintained, as a class action pursuant to FRCP Rule 23 because there is a well-defined community of interest in the litigation, and because the Plaintiff Class is easily ascertained by Defendants' personnel and payroll records.

### Numerosity

32.    The potential members of each of the Classes as defined are so numerous that joinder of all Class members is impracticable. While the precise number of the Plaintiff Class is currently unknown, Plaintiff is informed and believes that Defendants employed and will employ over two hundred (200) employees in each Class in California during the Relevant Time Period.

### Commonality

33.    There are common questions of law and fact common to the Plaintiff Class that predominate over questions affecting only individuals, arising out of Defendants' conduct as described herein, including, but not limited to:

a.    Whether Defendants had a policy or practice of failing to pay all wages for all hours worked, including regular, minimum, and overtime wages due to Plaintiff and the Plaintiff Class;

b.    Whether Defendants had a policy or practice of failing to pay any accrued and unused vacation time due to Plaintiff and the Plaintiff Class who have been terminated by and/or separated from employment with Defendants;

c.    Whether Defendants had a policy or practice of failing to keep

CLASS ACTION COMPLAINT

accurate payroll records of, and furnish accurate itemized wage statements to, Plaintiff and the Plaintiff Class containing all information required by Labor Code sections 226, subdivision (a) and IWC Wage Order No. 4-2001, section 7;

d.  Whether Defendants had a policy or practice of failing to pay all unpaid wages earned during the course of employment to Plaintiff and the Plaintiff Class upon the separation of their employment;

e.  Whether Defendants had a policy or practice of failing to indemnify Plaintiff and Plaintiff Class for expenditures or losses in discharge of their duties; and

f.  Whether Defendants' policies and practices above constitute unlawful or unfair business practices.

## Typicality

34.  Plaintiff's claims are typical of the Plaintiff Class' claims, all of whom have incurred and/or will incur damages and losses as a result of Defendants' common course of conduct and common policies and practices. The claims of Plaintiff are typical because Defendants subjected all therapists, care counselors, and other employees in similar positions to identical violations of the IWC Wage Orders, Code of Regulations, Labor Code, and Business and Professions Code, among other statutes, and subjected all full-time employees to the failure to pay vacation pay

## Adequacy of Representation

35.  Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff's interests are not in conflict with those of the Plaintiff Class. Plaintiff's attorneys are competent, well-versed, and experienced in litigating employment class actions and other complex litigation matters.

///

CLASS ACTION COMPLAINT

**Superiority of Class Action**

36.    Under the facts and circumstances set forth above, a class action is superior to any other method available for both the fair and efficient adjudication of the rights of each class members inasmuch as joinder of all members is impracticable. While the economic damages suffered by the individual members of the Plaintiff Class are significant, the amount is modest compared to the expense and burden of individual litigation. Further, if each employee were required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff. Requiring each member of the Plaintiff Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees fearful of retaliation and permanent damage to their careers at present and/or subsequent employment.

37.    Additionally, the prosecution of separate actions by individual members of the Plaintiff Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action, or the prosecution of separate actions by individual members of the Plaintiff Class would create the risk that adjudications with respect to individual members of the Plaintiff Class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

38.    Defendant has acted, or refused to act, on grounds generally applicable to Plaintiffs and Plaintiff Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Plaintiff Class as a whole.

39.    A class action will cause an orderly and expeditious administration of the claims of the Plaintiff Class, and will foster economies of time, effort and

expense. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## FIRST CAUSE OF ACTION

### Violation of Cal. Labor Code §§ 510, 1182.12, 1194, 1197

### Failure to Pay Wages for All Hours Worked

### (Plaintiff on Behalf of the Provider Class Against Defendants)

40.     Plaintiff realleges and incorporates by reference paragraphs 1-14, 18-23, and 29-39, *supra*, as if fully alleged herein.

41.     Labor Code section 1182.12 provides that, for Defendants who employed twenty-six (26) or more people from January 1, 2017 to December 31, 2017, the minimum wage rate in California was ten dollars and fifty cents ($10.50) per hour. From January 1, 2018 to December 31, 2018, the minimum wage rate in California was eleven dollars ($11.00) per hour. From January 1, 2019 to December 31, 2019, the minimum wage rate in California was twelve dollars ($12.00) per hour. From January 1, 2020, through December 31, 2020, the minimum wage rate in California was thirteen dollars ($13.00) per hour. As of January 1, 2021, the minimum wage rate in California is fourteen dollars ($14.00) per hour. Additionally, certain counties where Plaintiff and the Plaintiff Class worked impose a separate minimum wage rate. Plaintiff is informed and believes Defendants employ more than twenty-six (26) employees and thus fall within all requirements of section 1182.12.

42.     Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Labor Code § 1182.12). Defendants must pay employees no less than minimum wage for each hour worked. (Labor Code § 1194; IWC Wage Order 4-2001, Sect. 4.) The phrase "hours worked" is defined as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (IWC Wage Order 4-2001,

Sect. 2(K).)

43.    All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer. (Labor Code § 204.)

44.    In *Mendiola v. CPS Security Solutions, Inc.* (2015) 60 Cal. 4th 833, the California Supreme Court held,

> It is well established that an employee's on-call or standby time may require compensation. Of course, an employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen. Refraining from other activity often is a factor of instant readiness to serve, and idleness plays a part in all employments in a stand-by capacity. Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer.

*Mendiola*, 60 Cal.4th at 840 (affirming the Court of Appeal's conclusion that plaintiff's on-call time constituted hours worked within the meaning of Wage Order 4 and was subject to the wage order's minimum wage and overtime provisions) (internal quotations and citations omitted).

45.    Defendants failed to pay Plaintiff and the Plaintiff Class for all hours worked at the legally mandated wage rates. Specifically, Plaintiff and the Plaintiff Class were not permitted to report as compensable time the hours they were required and engaged to wait by Defendants for counseling and/or therapy appointments to be scheduled, and thus were not paid for all hours worked in violation of Labor Code 1182.12 and IWC Wage Order 4-2001.

46.    Plaintiff and the Plaintiff Class regularly worked between five (5) to six (6) hours per day waiting for appointments to be scheduled, but Defendants only compensated Plaintiff and the Plaintiff Class for hours in which they actually provided counseling and/or therapy to clients, or performed other administrative duties and when they did compensate them, it was only at their regular pay rate, not

overtime rates. Defendants failed to compensate Plaintiff and the Plaintiff Class at all for the time in which they were engaged to wait for appointments to be scheduled.

47.     Any work in excess of eight hours in any workday and any work in excess of forty (40) hours in a workweek shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. (Labor Code § 510(a); IWC Wage Order 4-2001, Sect. 3(A).) Any work in excess of twelve (12) hours in a workday shall be compensated at the rate of twice the regular rate of pay for an employee. (*Ibid.*)

48.     To the extent that Plaintiff and the Plaintiff Class worked beyond eight (8) hours per day or forty (40) hours per week but were not permitted to report the time in which they waited for a client to schedule an appointment and other work duties, Defendants also failed to pay Plaintiff and the Plaintiff Class at the legally-mandated overtime wage rate.

49.     Any employee receiving less than the legal minimum wage or legal overtime compensation is entitled to recover in a civil action the amount of unpaid wages and interest thereon, attorneys' fees, and costs of suit. (Labor Code § 1194(a).)

50.     Pursuant to Labor Code sections 510, 1182.12, 1194, and section 3 of IWC Wage Order 4-2001, Plaintiff and the Plaintiff Class seek the payment of all minimum wage, overtime, and/or double-time compensation, earned and accrued beginning four (4) years prior to filing this complaint, according to proof.

51.     Plaintiff and the Plaintiff Class are entitled to liquidated damages, attorneys' fees, and costs pursuant to Labor Code sections 218.5 and 1194, as well as prejudgment interest.

///

///

///

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of Cal. Labor Code §§ 227.3

### Failure to Pay Accrued and Unused Vacation Time to Separated Employees

### (Plaintiff on Behalf of the Vacation Class Against Defendants)

52.    Plaintiff realleges and incorporates by reference paragraphs 1-14, 24-25, and 29-39, *supra*, as if fully set forth herein.

53.    Labor Code section 227.3 provides,

Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

54.    In *McPherson v. EF Intercultural Foundation, Inc.* (2020) 47 Cal.App.5th 243, the Court of Appeal held, "Once [the employer] opted to provide plaintiffs with paid vacation, by default that paid time off constituted additional wages attributable to the services plaintiffs rendered during the year, vesting as they labored…" *McPherson,* 47 Cal.App.5th at 261-262 (citing *Suastez v. Plastic Dress-Up Co.* (1982) 31 Cal.3d 774, 779, 782, 784).

55.    Defendants promulgated a "time away from work" policy that allowed Plaintiff and the Plaintiff Class to take time away from work as needed, including for vacations, and continue to receive their regular pay during that period. Nevertheless, Plaintiff's paystubs do not show any "accrued" vacation time, nor was he paid for any vacation time accrued at the time of his termination. Plaintiff is informed and believes, and based thereon alleges that the same is true for members

of the Plaintiff Class whose employment with Defendants have been severed. Plaintiff did not utilize any of his vacation time prior to termination.

56.     Defendants' vacation policy triggers the first prong of Labor Code section 227.3 in that it has a written policy providing for paid vacations. Plaintiff and the Plaintiff Class provided services to Defendants during the time of their employ, and as such, their vacation pay was vested. *See Minnick v. Automotive Creations, Inc*. (2017) 13 Cal.App.5th 1000, 1007 (citing *Suastez, supra.*). At no point, either in written policies or verbally, did Defendants inform Plaintiff and the Plaintiff Class that Defendants' vacation policy was "unlimited" or "uncapped," nor were they informed that the vacation time was not additional wages attributable to the services they rendered. *See McPherson, supra,* 47 Cal.App.5th at 262-268. The vacation policy in reality is a subterfuge to avoid the Defendants' obligation to pay all accrued and unused vacation upon separation of employment. As such, Defendants' failure to pay Plaintiff and the Plaintiff Class accrued and unused vacation pay at the time of separation from employment constitutes a violation of Labor Code section 227.3.

57.     Plaintiff and members of the Plaintiff Class whose employment was severed within four (4) years of the filing of this complaint until the date of entry of judgment who have not utilized all their vested vacation during their time of employ, are entitled to be paid wages at their final rates of pay all their vested vacation pursuant to Labor Code section 227.3, as well as section 203 as alleged under the Fourth Cause of Action, *infra*.

58.     Plaintiff and the Plaintiff Class are entitled to, attorneys' fees, and costs pursuant to Labor Code sections 218.5 and 1194, as well as prejudgment interest. Plaintiff and the Plaintiff Class are entitled to attorneys' fees, and costs pursuant to Labor Code sections 218.5 and 1194, as well as prejudgment interest.

///

///

CLASS ACTION COMPLAINT

### THIRD CAUSE OF ACTION

**Violation of Cal. Labor Code §§ 226, 1174**

**Failure to Keep Accurate Payroll Records and Provide Accurate Itemized Wage Statements**

**(Plaintiff on Behalf of the Provider Class Against Defendants)**

59.  Plaintiff realleges and incorporates by reference paragraphs 1-14, 18-27, and 29-39, *supra*, as if fully set forth herein.

60.  Labor Code sections 226, 226.3, 1174, and 1174.5, and IWC Wage Order 4-2001, provide that Defendants must keep records and provide employees with itemized wage statements showing all hours worked and each applicable rate of pay in effect during the pay period with the corresponding number of hours worked at each hourly rate.

61.  Labor Code section 1174, subdivision (d), requires Defendants to keep at a central location in California or at the plant or establishment at which the employees are employed, payroll records showing the hours worked daily, and the wages paid to, each employee.

62.  Labor Code section 226, subdivision (a), requires Defendants to provide employees – either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash – an accurate itemized wage statement in writing including specified information, including but not limited to: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned; (4) all deductions; (5) net wages; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or his social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee.

63.    IWC Wage Order 4-2001, Sect. 7 require that every employer shall keep accurate information with respect to each employee, including time records showing when each employee begins and ends each work periods, the total daily hours worked by each employee and the total hours worked in each payroll period, and applicable rates of pay.

64.    Labor Code section 226, subdivision (e), provides that if an employer knowingly and intentionally fails to provide a statement itemizing, *inter alia*, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendants willfully failed to make or keep accurate records for Plaintiff and the Plaintiff Class.

65.    Plaintiff is informed and believes that Defendants knowingly and intentionally failed to keep accurate payroll records and failed to provide Plaintiff and the Plaintiff Class with complete and accurate wage statements showing (1) the true number of hours worked, including the hours in which they were engaged by Defendants to wait for counseling and/or therapy appointments to be scheduled; (2) accurate rates of pay earned per pay period, including for any overtime worked to the extent that Plaintiff and the Plaintiff Class worked beyond eight (8) hours per day or forty (40) hours per week but were not permitted to report the time in which they waited for a client to schedule an appointment; and (3) vacation time accrued.

66.    Plaintiff and the Plaintiff Class were injured by Defendants' failure to provide accurate and complete information as required by Labor Code section 226 subsection (a) and section 226 subdivisions (e)(2)(B)(i) and (iii) in that they are/were not able to promptly and easily determine from the wage statements alone, without significant effort and/or assistance from experts, the total hours worked, all

applicable hourly rates of pay with the corresponding number of hours worked, and their proper gross/net pay due. Plaintiff and the Plaintiff Class were further injured in that Defendants' failure to pay all compensation due resulted in a shortfall of deposits to their social security accounts, state and federal disability benefits and other required employee and/or employer tax obligations for both State and federal purposes. Also, Defendants' failure to comply with Labor Code section 226 subsection (a) hindered Plaintiff and the Plaintiff Class from determining the amounts of wages actually owed to them without reference to other documents or information, creating significant effort and cost to employees.

67.    Plaintiff is informed and believes that Defendants' failure to keep accurate payroll records and provide accurate itemized wage statements as described above violated Labor Code sections 1174, subdivision (d) and 226, subdivision (a), and IWC Wage Order 4-2001, Sect. 7.

68.    Further, Plaintiff is informed and believes that Defendants' failure to keep and maintain accurate records and information and provide to Plaintiff and the Plaintiff Class itemized wage statements containing all of the information mandated by the Labor Code, as described above, was knowing and intentional.

69.    As a result, Defendants, jointly and severally, are liable to Plaintiff and Class Members for the amounts as penalties provided by Labor Code section 226 subdivision (e) and reasonable attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Violation of Cal. Labor Code §§ 201, 202, 203

### Failure to Pay Wages Due at Separation of Employment

### (Plaintiff on Behalf of the Provider Class Against Defendants)

70.    Plaintiff realleges and incorporates by reference paragraphs 1-14, 18-27, and 29-39, *supra*, as if fully set forth herein.

71.    Plaintiff is informed and believes, and based thereon alleges that, Defendants failed to pay all employees all wages earned during their employment

at the time of their separation in violation of Labor Code sections 201, 202, and 203.

72.    Labor Code section 201 provides that Defendants are required to pay an employee whose employment is terminated by the employer all wages earned throughout their employment and unpaid immediately upon termination.

73.    Labor Code section 202 requires Defendants to pay an employee who quits his or his employment all wages earned and unpaid no later than seventy-two (72) hours thereafter.

74.    Labor Code section 203 provides that when an employer who willfully fails to pay all wages earned and due to an employee, who is discharged or quits within the appropriate timeframes set forth in sections 201 and 202, the wages of the employee shall continue as a penalty at the employee's regular rate of daily pay for each day the full amount of unpaid wages is not paid, up to thirty (30) days.

75.    Plaintiff and members of the Plaintiff Class whose employment was severed within four (4) years of the filing of this complaint until the date of entry of judgment, without being paid the proper payments, are entitled to up to thirty (30) days of pay at their regular rate of pay as waiting time penalties, as appropriate to Plaintiff and each member of the Plaintiff Class. Pursuant to Labor Code section 203, Plaintiff and Plaintiff Class seek the payment of penalties according to proof.

**FIFTH CAUSE OF ACTION**

**Violation of Cal. Labor Code § 2802**

**Failure to Indemnify for Business Expenditures**

**(Plaintiff on Behalf of the Provider Class Against Defendants)**

76.    Plaintiff realleges and incorporates by reference paragraphs 1-14 and 28-39, *supra*, as if fully set forth herein.

77.    Defendant failed to indemnify Plaintiff and the Plaintiff Class were paid for necessary business expenditures incurred in direct consequence of the discharge of their duties, and Defendants failed to compensate them for the

expenses in violation of Labor Code section 2802. Specifically, Plaintiff and the Plaintiff Class worked remotely, and provided counseling and/or therapeutic services through Defendants' online platform. Plaintiff and the Plaintiff Class also were required by Defendants to communicate with their supervisors and peers via telephone, online video calls, or by using an online messaging platform. Thus, they were required to pay for their own cellphone and internet services, all without reimbursement from Defendants.

78.     Defendants failed to provide full and complete reimbursement for all necessary business expenditures incurred by Plaintiff and the Plaintiff Class in violation of Labor Code section 2802. As such, Plaintiff and the Plaintiff Class are entitled to be paid damages, attorney's fees, costs, and interest pursuant to Labor Code section 2802 subsections (b) and (c), as well as all statutory penalties, against Defendant in accordance with California Labor Code section 2802 subsection (d).

**SIXTH CAUSE OF ACTION**

**Violation of Labor Code §§ 2698-2699.5**

**Penalties under the California Private Attorneys General Act**

**(Plaintiff on Behalf of the Provider Class and Vacation Class Against Defendants)**

79.     Plaintiff re-alleges and incorporates by reference paragraphs 1-28, *supra*, as if fully alleged herein.

80.     Labor Code sections 2698-2699.5 provide that a civil penalty, assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees ("LWDA") for certain violations of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of herself and collectively on behalf of all other current or former employees.

81.     California Labor Code section 2699, subdivision (a), also known as the Private Attorneys' General Act of 2004 ("PAGA"), states: "Notwithstanding

CLASS ACTION COMPLAINT

any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in section 2699.3."

82.     Plaintiffs and Plaintiff Class are "aggrieved employees" as defined by Labor Code section 2698 et seq. in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

83.     Prior to filing this complaint, on October 5, 2021, Plaintiff gave written notice to the LWDA and by certified mail to Defendants of the specified provisions of the Labor Code alleged to have been violated, including the facts and theories that support the alleged violation as required by Labor Code section 2699.3. (LWDA Case No. LWDA-CM-847325-21), which is hereby incorporated herein by reference.

84.     The LWDA has not provided Plaintiff with any notice that it intends to investigate the alleged violations. Plaintiff does not anticipate an investigation into his claims by the LWDA.

85.     Plaintiff, individually and on behalf of all aggrieved employees in a representative capacity pursuant to Labor Code section 2699, subdivision (a), assert all of the PAGA claims in this complaint against Defendants, and seeks all statutory penalties available under the Labor Code.

86.     Pursuant to Labor Code section 2698 et seq., Plaintiff and all aggrieved employees, request and are entitled to recover from Defendants: unpaid regular and overtime wages, unpaid accrued and unused vacation time, reimbursement of business expenditures, waiting period wages and penalties according to proof, penalties for failure to keep accurate payroll records, interest, and attorneys' fees

and costs pursuant to Labor Code section 2699, subdivision (g) and any other statutory basis, as well as all statutory penalties against Defendant. The aforementioned penalties include, but are not limited to, the following:

a.    Penalties under Labor Code section 2698 in the amount of $100.00 for each aggrieved employee per pay period for each initial violation, and $200.00 for each aggrieved employee per pay period for each subsequent violation;

b.    Penalties under Code of Regulations, Title 8, Section 11040 in the amount of $50.00 for each aggrieved employee per pay period for the initial violation, and $100.00 for each aggrieved employee per pay period for each subsequent violation;

c.    Penalties under Labor Code section 210 in addition to and entirely independent and apart from any other penalty provided in the Labor Code in the amount of $100.00 for each aggrieved employee per pay period for each initial violation, and $200.00 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wage wrongly withheld; and

d.    Any and all additional penalties and sums as provided by the Labor Code and/or other statutes

87.    In addition thereto, pursuant to Labor Code section 2699, subdivision (i), Plaintiffs seek and is entitled to seventy-five percent (75%) of all penalties obtained under Labor Code section 2698 to be allocated to the Labor and Workforce Development Agency for enforcement of labor laws, including the administration of this part, and for education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and twenty-five percent (25%) to the aggrieved employees.

88.    Further, Plaintiffs are entitled to seek and recover reasonable

attorneys' fees and costs pursuant to Labor Code section 2699, subdivision (g) and any other statutory basis.

### SEVENTH CAUSE OF ACTION

**Violation of Business & Profession Code §§ 17200 et seq.**

**Unfair or Unlawful Business Practices**

**(Plaintiff on Behalf of the Provider Class and Vacation Class Against Defendants)**

89.    Plaintiff re-alleges and incorporates by reference paragraphs 1-4 and 18-39, *supra*, as if fully alleged herein.

90.    Plaintiff brings this claim individually and on behalf of the Plaintiff Class.

91.    Business and Professions Code sections 17200, *et seq.*, known as California's Unfair Competition Law ("UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

92.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

93.    Labor Code section 90.5, subdivision (a), states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect Defendants who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

94.    Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this lawsuit, Defendants have committed acts of unfair competition as defined by the Unfair Competition Law, by engaging in the unlawful, unfair, and fraudulent business practices and acts described in this complaint, including but not limited to violations of Labor Code sections 201, 202,

203, 204, 226, 227.3, 510, 1174, 1182.12, 1194, 1197, 2802, and IWC Wage Order 4-2001, as well as other statutes and laws as described above.

95.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting workers, serve as unlawful predicate acts and practices for purposes of Business and Professions Code sections 17200 *et seq*.

96.    As a result of these actions, Plaintiff, on information and belief, alleges that Defendants are able to unfairly compete with other comparable companies in the State of California in violation of Business & Professions Code sections 17000 *et. Seq*. Due to these unlawful, unfair and/or fraudulent business practices, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California.

97.    The victims of these unlawful, unfair and/or fraudulent business practices include, but are not limited to, Plaintiff, the Plaintiff Class, competing businesses in the State of California, and the general public. Plaintiff is informed and believes, and based thereon alleges, that Defendants performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, the Plaintiff Class, other competitors, and the general public.

98.    Plaintiff's success in this action will enforce important rights affecting the public interest and public policy. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself.

99.    Business and Professions Code section 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and business practices alleged above.

CLASS ACTION COMPLAINT

100.   Business and Professions Code section 17203 provides that the Court may restore to any person in interest any money or property that may have been acquired by means of such unfair competition. Plaintiff and the Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods and other losses alleged herein, during the four-year period prior to the filing of this complaint. All remedies are cumulative pursuant to Business and Professions Code section 17205.

101. Business and Professions Code section 17202 provides: "Notwithstanding Section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and the Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

102.   Plaintiff requests restitution and injunctive relief pursuant to Business and Professions Code section 17203 to enjoin Defendants from continuing the unfair/unlawful business practices alleged herein.

103.   Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and otherwise.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.     That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure Rule 23 and Code of Civil Procedure section 382;

2.  That the Court appoint Plaintiff as Class Representative;

3.  That the Court appoint Mahoney Law Group, APC and Ira Spiro as class counsel;

4.  For compensatory and statutory damages;

5.  For waiting time penalties pursuant to Labor Code section 203, on behalf of the terminated or resigned employees;

6.  For statutory and civil penalties according to proof;

7.  For interest accrued to date;

8.  For restitution of all monies due to Plaintiff and the Plaintiff Class from the unlawful business practices of Defendants;

9.  For injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

10. For declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of Business and Professions Code sections 17200, et seq., and declaring Defendant has unlawfully treated Plaintiff and the Plaintiff Class, failed to pay all wages and overtime compensation in violation of California law, failed to pay wages including any accrued vacation pay to former employees, Plaintiff and other certain members of Plaintiff Class, failed to provide Plaintiff and the Plaintiff Class accurate itemized wage statements upon payment of wages, and declaring the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff and the Plaintiff Class are entitled;

11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226 and 1194;

12. For reasonable attorneys' fees and costs pursuant to Labor Code sections 226, subdivision (e), 218.5, and 1194, Code of Civil Procedure section 1021.5, and/or other applicable laws and/or statutes;

CLASS ACTION COMPLAINT

and

13. For all such other and further relief as the Court may deem just and proper.

Dated: December 10, 2021          **MAHONEY LAW GROUP, APC**

**IRA SPIRO, ATTORNEY AT LAW**

By: _____

Kevin Mahoney, Esq.
Katherine J. Odenbreit, Esq.
Kate Nicole G. Blanco, Esq.
Ira Spiro, Esq.
Attorneys for Plaintiff
GREGORY BENDAU

CLASS ACTION COMPLAINT

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

Dated: December 10, 2021                **MAHONEY LAW GROUP, APC**

                                        **IRA SPIRO, ATTORNEY AT LAW**


By: _____
    Kevin Mahoney, Esq.
    Katherine J. Odenbreit, Esq.
    Kate Nicole G. Blanco, Esq.
    Ira Spiro, Esq.
    Attorneys for Plaintiff
    GREGORY BENDAU