UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CEREBRAL MEDICAL GROUP, A PROFESSIONAL CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-09580-TLT<br><br>**NOTICE OF QUESTIONS FOR HEARING ON MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: ECF Nos. 44, 46 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON OCTOBER 17, 2023, AT 2:00 PM TO TAKE PLACE IN PERSON.**

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties re-argue matters already addressed in those papers. Each party shall have thirty (30) minutes to address the following questions:

1) What authority supports class counsels' contention that representative plaintiff Gregory Bendau satisfies the typicality requirement for the vacation class?
2) What is the extent and nature of any litigation concerning the controversy already begun by or against class members against defendants?
3) Who is the *cy pres* recipient?
4) How is the *cy pres* recipient related to the subject matter of the lawsuit and the class members?
5) What are the proposed uses of the distribution to the *cy pres* recipient?
6) What is each of class counsel's (Katherine J. Odenbreit, Kevin Mahoney and Ira Spiro) history of engagements with Phoenix Class Action Administration over the last two

years?

7) What is entailed in the "Address Search" the Administrator will conduct if a Class Notice is returned without a forwarding address? *See* Supp. Odenbreit Decl., Ex. E, Settlement Agreement ¶ 7.4.2.

8) Does the Class Notice need to be provided in any languages other than English?

9) Why did the parties choose to not create a website to provide all the relevant court documents and updates on changes to hearing dates?

10) Why is the Class Notice not being mailed with return receipt requested or by email?

11) Please explain why the Class Notice does not include the following information:
    a. How to obtain a copy of the settlement agreement
    b. How to access the Court's website and hearing calendar
    c. How to access other court documents, for a fee, through PACER
    d. How to set up a PACER account and who to contact with any issues
    e. How to file objections with the Court in anticipation of the final approval hearing?

The Court further requests that written responses to the following be filed with the Court no less than 24-hours before the hearing:

1) Are there any other cases that will be affected by the settlement? If so, please explain:
    a. What claims will be released in those cases if the settlement is approved,
    b. The class definitions in those cases,
    c. Their procedural posture,
    d. Whether plaintiffs' counsel in those cases participated in the settlement negotiations,
    e. A brief history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations,
    f. An explanation of the level of coordination between the two groups of plaintiffs' counsel, and
    g. An explanation of the significance of those factors on settlement approval.

2) The Court requests that Katherine J. Odenbreit and Kevin Mahoney provide the following information for one of their past comparable class action settlements (i.e., settlements involving the same or similar clients, claims, and/or issues). Counsel should summarize this information in an easy-to-read chart that allow for quick comparisons with other cases.

    a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to each *cy pres* recipient, the administrative costs, and the attorneys' fees and costs.

    b. Where class members are entitled to non-monetary relief, such as discount coupons or debit cards or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

3) The Court requests that Ira Spiro provide the following information for one of their past comparable class action settlements (i.e., settlements involving the same or similar clients, claims, and/or issues). Counsel should summarize this information in an easy-to-read chart that allow for quick comparisons with other cases.

    a. The total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to each *cy pres* recipient, the administrative costs, and the attorneys' fees and costs.

    b. Where class members are entitled to non-monetary relief, such as discount coupons or debit cards or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the

class members and/or by any assignees or transferees of the class members' interests. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

If the parties intend to rely on authorities not cited in their briefs, they must notify the Court and opposing counsel of these authorities no less than 24-hours in advance of the hearing by filing a statement of supplemental authorities, with pinpoint citations, and without argument or additional briefing.  *Cf.* Civil L. R. 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court encourages that junior associates or of counsel attorneys who are working on this case be permitted to address some or all the Court's questions.

**IT IS SO ORDERED.**

Dated: October 12, 2023

_____
TRINA L. THOMPSON
United States District Judge