United States District Court
Northern District of California

1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    GREGORY BENDAU,                          Case No. 21-cv-09580-TLT

8                    Plaintiff,

9          v.                                 **FINAL ORDER DISMISSING ACTION**

                                              Re: ECF Nos. 44, 46
10   CEREBRAL MEDICAL GROUP, A
     PROFESSIONAL CORPORATION, et al.,
11
                     Defendants.
12

13         **INTRODUCTION**

14         Before the Court is Plaintiff's Notice of Motion and Motion for Preliminary Approval of

15   Class Action and PAGA Settlement, ECF No. 44 and the parties' Joint Stipulation to Vacate

16   Hearing for Final Approval of Class Action Settlement Set for March 19, 2024, and Reset for

17   Status Conference Re: Preliminary Approval.  ECF No. 70.  On October 17, 2023, the Court held

18   a motion hearing regarding ECF No. 44 and set a Final Approval Hearing.  *See* ECF Nos. 67 and

19   69.  During the October 17, 2023, hearing, the Court found the class counsel adequate and the

20   plaintiff adequate for the purposes of the provider class.  However, the Court took the vacation

21   class determination under submission.  ECF No. 67.  The court further requested Counsel submit

22   to the Court the name of a *cy pres* recipient within 7-10 days for the notice, which was submitted

23   on October 26, 2023, and the Court granted the stipulated order.  ECF Nos. 68, 69.

24         On March 18, 2024, Defendant Cerebral Medical Group, PC and Cerebral Medical Group,

25   PA filed a Response to the Court's Tentative Ruling and Questions.  Upon review, it appeared that

26   the Court lacked jurisdiction given the lack of minimal diversity.  It also appeared the Court

27   should stay the matter, abstain, ***or dismiss the action***, given the duplicative litigation in the state

28   courts and apparent lack of CAFA jurisdiction.  ECF Nos. 71, 74.

1    On March 5, 2024, the Court issued a Notice of Tentative Ruling and Questions re ECF

2   Nos. 44 and 70.  ECF No. 71.  On March 18, 2024, Defendant Cerebral Medical Group, PC and

3   Cerebral Medical Group, PA responded to this notice with partial responses.  ECF No. 74.

4   However, Plaintiff did not respond to the Court's Notice.   *See* Docket generally.

5    At the request of the parties' briefs, previous oral arguments, relevant legal authority and

6   for the reasons stated above, the Court **DISMISSES** this action *sua sponte*.

7   **BACKGROUND**

8    On June 6, 2023, Plaintiff Bendau filed a First Amended Class Action Complaint ("FAC")

9   against Sequoia One PEO, LLC (California Citizen), Cerebral Medical Group, a Professional

10   Corporation (California Citizen), Cerebral Medical Group, PA fka South Lemon Provider Group,

11   PA ("South Lemon") (Dual Citizen of California and Florida), and DOES 1 through 10, inclusive.

12   *See* ECF No. 52 (FAC) ¶ 12; ECF No. 74.  The first amended complaint is the operative

13   complaint.  The initial complaint was filed on December 10, 2021, against the same defendants.

14   ECF No. 1.

15    The Class Period is alleged to be four years prior to the complaint.  ECF No. 52 (FAC) ¶ 1.

16   The complaint brings claims under the California Labor Code based on Defendants' alleged: (1)

17   failure to pay wages for all hours worked; (2) failure to pay accrued and unused vacation time to

18   separated employees; (3) failure to keep accurate payroll records and provide accurate itemized

19   wage statements; (4) failure to pay wages due at separation of employment; (5) failure to

20   indemnify for business expenditures; and (6) unfair business practices under California's Unfair

21   Competition Law ("UCL") codified in the California Business & Professions Code § 17200 et seq.

22   Plaintiff also brings a Private Attorney General Act ("PAGA") claim.  *See* ECF No. 16 (Joint Case

23   Management Statement); *see also* ECF No. 52 (FAC).  The class members are composed of

24   workers who worked in California during the Class Period.  ECF No. 44-1 (Exh. A to Plaintiff's

25   Motion for Preliminary Approval of Class Action and PAGA Settlement), at 17.

26    The Court held a hearing on the Motion for Preliminary Approval of Class Action

27   Settlement on September 7, 2023.  ECF No. 56.  After that, the Court asked some follow up

28   questions regarding related cases.  ECF No. 60.  Responses to these questions were filed on

United States District Court
Northern District of California

United States District Court
Northern District of California

1    October 16, 2023, which included ECF No. 62 (Declaration of Katherine J. Odenbriet in Support

2    of Plaintiff's Motion for Preliminary Approval of Class Action and PAGA Settlement Pursuant to

3    Court's Order ("Odenbriet DCN")).  The Odenbriet DCN shows there are pending state court

4    actions against the same defendants in this action that are based on defendants' alleged violation

5    of the same California Labor Code provisions that are alleged to have been violated in this case.

6    ECF No. 62 (Odenbriet DCN) ¶ 3.  In addition, the pending state court actions also have UCL and

7    PAGA claims alleged based on the same or overlapping set of facts for work performed by the

8    Class Members during the same or overlapping period, or the Class Period.  In the San Francisco

9    Superior Court, a Class Action and PAGA action were brought against both Cerebral Medical

10   Group, PA and Cerebral Medical Group, PC (with no fictitiously known as ("fka") South Lemon

11   named).  ECF No. 62-1 (Exh. A to Odenbriet DCN), at 2 ¶¶1.1, 1.4, 1.5, 2.1, and 2.3.  In Los

12   Angeles Superior Court, apparently, just a PAGA claim was brought against Cerebral Medical

13   Group, PC.  ECF No. 62-2, Exh. B.  On February 28, 2024, the parties filed a stipulation with a

14   proposed order to vacate the hearing scheduled for March 19, 2024 for Final Approval of

15   Settlement.  ECF No. 70.

16          Plaintiff Bendau, and at least two out of the three defendants (if not all), are California

17   citizens.  ECF No. 52 ¶¶ 7, 8, 12.  Plaintiff Bendau was employed by one or more of the

18   defendants from March 16, 2021 through May 28, 2021 as an Associate Therapist.  ECF No. 52

19   (FAC) ¶ 18.

20          South Lemon has dual citizenship during the pendency of this action, as a citizen of

21   Florida and California.  ECF No. 52 (FAC) ¶ 5; ECF No. 74, at 2:18-25 ("South

22   Lemon['s]…principal place of business is listed as California in the 2/14/22 Florida Corporation

23   Annual Report….Since [this is a] snapshot[], counsel for Defendants is seeking further specifics

24   including the specific dates on which the principal place of business changed.")

25          The complaint states "[u]pon information and belief, South Lemon provides an online

26   platform in which it delivers services such as online prescriber visits, care counseling and

27   prescription deliver." *Id.*  As stated, in the San Francisco Superior Court, a Class Action and

28   PAGA action were brought against both Cerebral Medical Group, PA and Cerebral Medical

1    Group, PC (with no fictitiously known as South Lemon named).  ECF No. 62-1 (Exh. A to

2    Odenbriet DCN), at 2 ¶¶ 1.1, 1.4, 1.5, 2.1, and 2.3.  And, in Los Angeles Superior Court

3    apparently only a PAGA claim was brought; it was seemingly brought against only one defendant,

4    Cerebral Medical Group, PC.  ECF No. 62-2 (Exh. B to Odenbriet DCN); ECF No. 45

5    (Defendants Notice of Related Case), at 2.

6         Martha Methu is the worker who brought the PAGA Action in Los Angeles County

7    Superior Court.  Methu was employed by Defendants with the title of Associate Therapist from on

8    or about November 15, 2021 through on or about September 9, 2022.  *See Methu v. Cerebral*

9    *Medical Group, a PC, et al*, Case No. 23-PSCV-00082 (PAGA Complaint filed on January 11,

10   2023); *see also* ECF No. 45 (Defendants Cerebral Medical Professional Corporation, and Cerebral

11   Medical Group PA's Notice of Related Case).  According to Plaintiff's counsel in this action, the

12   class is not defined in *Methu* (ECF No. 62 (Odenbriet DCN), at 5:11-18); but, as stated in further

13   detail below, counsel adds that *Methu* has no impact on the settlement before this court.  *Id.* at

14   4:10-24.

15        Kaycie Crossley is the worker who brought the Class Action and PAGA Action in the San

16   Francisco County Superior Court; she is a citizen of California employed by Defendants from

17   April 2021 through August 2021 as a Care Counselor.  *See Crossley v. Cerebral Medical Group,*

18   *P.A. et al*, Case No. CGC-22-599132, at p.3, ¶ 6 (Class Action Complaint filed on April 11, 2022,

19   in San Francisco Superior Court against same defendants); *see also Crossley v. Cerebral Medical*

20   *Group, P.A. et al*, Case No. CGC-22-600627 (PAGA Complaint filed on July 11, 2022, in the

21   same court, by the same plaintiff, against the same defendants).

22        On October 12, 2023, the Court gave notice to the parties of questions for the hearing on

23   the Motion for Preliminary Approval.  ECF No. 60 ("Odenbriet DCN").  In one of the responsive

24   declarations, Plaintiff's Counsel in this action states that the settled classes in "*Crossley* are

25   confined to persons who were classified as an independent contractor."  ECF No. 62 (bold

26   emphasis omitted).  Plaintiff's Counsel further declares she is of the opinion that "*Methu* has no

27   impact on the settlement before this court…"  *Id.* at 4:10-12.  She also states that she and the

28   Plaintiff's counsel in *Crossley* agreed that the two cases (*Crossley* and *Bendau*) "are on behalf of

United States District Court
Northern District of California

1      different people and therefore the claims do not overlap or impact the other."  *Id.* at 3:16-23.

2      However, later as discussed in further detail below, Plaintiff's counsel states it is possible there is

3      overlap among the class members.  ECF No. 62 (Odenbriet DCN), at 4:19-28.

4              Plaintiff's Counsel states there are 394 members here, and the settlement fund is $350,000.

5      ECF No. 63 (Supplemental Declaration of Kevin Mahoney), at 3.  In the *Crossley* class, there are

6      218 class members with $1,200,000 fund.  ECF No. 62-1 (Exh. A to Odenbriet DCN) ¶ 3.  Here,

7      the "[c]lass means all individuals who work or previously worked for Defendants in California

8      and were classified as an independent contractor at any time during the Class Period."  ECF No.

9      62-1 (Exh. A to Odenbriet DCN) ¶ 1.5.  Plaintiff's Counsel states it is possible a class member

10     could be paid from the settlement in *Crossley* and from a settlement here.  ECF No. 62 (Odenbriet

11     DCN), at 4:19-28 ("Further, to the extent a class member in this case was also classified as an

12     independent contractor and is a class member in the *Crossley* case, both settlements provide for

13     payment to be allocated for [weeks] class members worked for Defendants within the confines of

14     the relevant class period.").

15             On October 6, 2023, the Clerk of the San Francisco Superior Court filed the Notice of

16     Entry of Final Judgment, in which the Class that settled was described as: "All individuals who

17     work or previously worked for Defendants in California and were classified as an independent

18     contractor at any time during the Class Period. The Class Period is April 11, 2018 through April

19     24, 2023."  *Crossley v. Cerebral Medical Group, P.A. et al*, Case No. CGC-22-599132, Exh. 2 to

20     the Notice of Entry of Final Judgment ¶ 1 (Order Granting Final Approval of Class Action

21     Settlement, signed October 5, 2023).

22             **STANDARD**

23             **Class Action Fairness Act ("CAFA") Jurisdiction & CAFA Abstention**

24             Section 1332(d)(2) provides that "'[o]riginal jurisdiction' [exists] where amount in

25     controversy exceeds $5 million and minimal diversity exists."  *Serrano v. 180 Connect, Inc.*, 478

26     F.3d 1018, 1022 (9th Cir. 2007).  For the class, there must be at least "100 or more persons."  *Id.*

27     at 1021.  *Serrano* continues to state: "… § 1332(d)(3)[ ] describes situations where district courts

28     *may* decline to exercise jurisdiction in the interests of justice and looking at the totality of

United States District Court
Northern District of California

United States District Court
Northern District of California

1  circumstances; and Section 1332(d)(4) sets out two circumstances that *require* district courts to

2  decline jurisdiction, the so-called local controversy and home-state controversy exceptions.

3  Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either

4  may or must decline to exercise such jurisdiction.  *See* § 1332(d)(3)-(4)." *Id.* (emphasis in

5  original) (brackets added) (footnote omitted).  "'The local controversy' exception provides that 'a

6  district court *shall* decline to exercise jurisdiction' over a class action in which the plaintiff class

7  and at least one defendant meet certain characteristics that essentially make the case a local

8  controversy.[ ]" *Id.* at 1022 (9th Cir. 2007) (emphasis in original) (brackets added) (footnote

9  omitted).

10  Another exception to CAFA jurisdiction is the "home-state controversy" exception: "A

11  district court *shall* decline to exercise jurisdiction under [§ 1332(d)(2)] ... (B) where two-thirds or

12  more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants,

13  are citizens of the State in which the action was originally filed. § 1332(d)(4)(B) (emphasis

14  added)." *Id.* at 1022–23 (brackets in original).

15  These provisions in CAFA "ensur[e] that where appropriate, state courts can adjudicate

16  certain class actions that have a truly local focus." *Adams v. West Marine Prods., Inc.*, 958 F.3d

17  1216, 1221 (9th Cir. 2020) (within the context of a remand, the appellate Court affirmed the

18  district court's finding to remand action to state court when it was "[f]ar more likely than not, the

19  class exceeds that [one-third] threshold," and therefore the district court did not abuse its

20  discretion in declining to exercise jurisdiction pursuant to the discretionary home state exception).

21  **DISCUSSION**

22  **CAFA Jurisdiction & CAFA Abstention.**  In this action, it appears that at least two of

23  the three defendants are California citizens, if not all of them.  South Lemon is alleged to be a

24  provider of an "online platform" through which the medical services are provided; therefore, it

25  does not appear to be a primary defendant, or even necessary party, to this federal court action.  It

26  is noteworthy that South Lemon was not a party in at least one of the state actions, nor was it, as a

27  fictitiously named entity, named as a defendant in either of the state court actions.  Moreover,

28  South Lemon, as a fictitious name, is not listed among the defendants that are settling, or have

6

1   settled, the Class Action and PAGA Action brought in San Francisco Superior Court.  *See* ECF

2   No. 62-1, at 2.  Within the removal context, under 28 U.S.C. § 1441, the citizenship of fictitious

3   names does not defeat removal jurisdiction and therefore is not relevant to that jurisdictional

4   analysis.  Within the context of determining original diversity jurisdiction, "courts 'must disregard

5   nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

6   controversy.'" *Bates v. Mortg. Elec. Registration Sys., Inc.*, 694 F.3d 1076, 1080 (9th Cir. 2012)

7   (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).  There is another apparently related

8   Cerebral entity with California citizenship that has recently been sued: Cerebral, Inc., a

9   subscription-based telehealth company, which is alleged in at least one other action to be a citizen

10  of California and Delaware.  ECF No. 1 (Notice of Removal) ¶¶ 1, 19 filed in *Cullors et al v.*

11  *Cerebral, Inc. et al*, No. 22-cv-09143-DSF-PD (C.D. Cal. Dec. 16, 2022).  This shows there is

12  insufficient diversity of citizenship under CAFA since the primary defendants are citizens in the

13  state where the action was initially filed.

14         Additionally, the class in this action (394 persons) and the class in at least two other state

15  court actions are composed of workers who worked in California for the same employer during the

16  same or overlapping period.  One of those state actions had 218 persons in the class.  The other

17  state actions (or any other administrative or arbitration proceedings) pending or closed (due to

18  settlement or payment of amounts) could include any of the 394 class members.  And, those

19  included class members already could have received payment or released their claims.  So, it is

20  possible there are not at least 100 persons in the class here.  *See Serrano*, 478 F.3d at 1022.  Under

21  the local controversy exception, this Court a "*shall* decline to exercise jurisdiction" because it is a

22  "class action in which the plaintiff class and at least one defendant meet certain characteristics that

23  essentially make the case a local controversy." *Id.* at 1022 (emphasis in original) (internal

24  quotation marks omitted).  Given the above, this matter appears to be a local controversy.  The

25  facts relating to the citizenship of the class members, along with the citizenship of Defendants,

26  also appear to show the Court must abstain or dismiss under 28 U.S.C. § 1332(d)(2)-(4).  *See*

27  *Adams*, 958 F.3d at 1216 (when two-thirds or more of the class members were from the

28  defendant's home state, jurisdiction was lacking).

United States District Court
Northern District of California

**United States District Court**
**Northern District of California**

1

**CONCLUSION**

2      Due to the foregoing, the Court **DISMISSES** the action *sua sponte* without prejudice.

3      The Court understands that it is possible that, since the Court's Notice of Tentative Ruling

4    in March of this year, Defendants have reached a global settlement resolving multiple lawsuits.  It

5    is also possible that, through one of the state actions (or other proceedings), the members of this

6    class, or a portion of the members in this class, have already settled or released their claims.  If

7    settlement has been reached, the parties are encouraged to file a Notice of Settlement.

8      ECF No. 46 is Plaintiff's Amended Motion and Motion for Preliminary Approval of Class

9    Action and PAGA Settlement, which was intended to amend ECF No. 44.  The Court does not

10   find in this Order whether ECF No. 46 amends ECF No. 44.

11     Having carefully considered the parties' briefs, previous oral arguments, relevant legal

12   authority and for the reasons stated above, the case is **DISMISSED**.

13     The Clerk of the Court is ordered to close the case and terminate the matter. All future

14   dates are hereby vacated and the remaining motions are rendered MOOT.

15     This ORDER resolves ECF Nos. 44 and 46.

16   **IT IS SO ORDERED**

17   Dated: August 16, 2024

18                                                                     _____
                                                                          HON. TRINA L. THOMPSON
19                                                                        United States District Judge

20

21

22

23

24

25

26

27

28